UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III,               ) | C/A No.  6:14-4497-RBH-TER |
|                                      ) | |
|            Plaintiff,                ) | |
|                                      ) | REPORT AND RECOMMENDATION |
| vs.                                  ) | |
|                                      ) | |
| Clayton, GA Police Department; Chief Lindsey  ) | |
| Owens, individually and in her official capacity; Asst. ) | |
| Chief Andy Strait, individually and in his official    ) | |
| capacity; Captain Tony Taylor, individually and in his ) | |
| official capacity; Officer Tim Brown, individually and ) | |
| in his official capacity; Unknown Name of Jail         ) | |
| Transport Officer,                   ) | |
|                                      ) | |
|            Defendants.               ) | |

This action was filed pro se in this court by a state prisoner ("Plaintiff") currently incarcerated at Evans Correctional Institution, in Bennettsville, South Carolina. In the Complaint under initial review, Plaintiff alleges that various officers and officials with the City of Clayton Police Department (located in Rabun County, Georgia) have violated his constitutional rights. None of the Defendants appear to be South Carolina residents. All of the Defendants are employees/officials with the City of Clayton Police Department. Plaintiff sues all Defendants in both their official and individual capacities. Other than Plaintiff's brief reference to being "picked" up by an unknown officer to be transported from Greenville, South Carolina to the Rabun County Detention Center located in Georgia, nothing in the Complaint connects Plaintiff's causes of action or Defendants' activities with the state of South Carolina or this federal judicial district.

DISCUSSION

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the defendants. Rule 4(e) Federal Rules of Civil

1

Procedure ("Service upon Individuals within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:
 (A) delivering a copy of the summons and of the complaint to the individual personally;
 (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
 (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

Under the applicable South Carolina long arm statute, S.C.Code Ann. § 36–2–803 ("Personal jurisdiction based upon conduct"), nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g., entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case. As stated, Plaintiff, a state prisoner in South Carolina, is suing employees/officials of a Georgia city police department all in their individual as well as official capacities, for claims arising out of criminal charges initiated and investigated in Georgia. Plaintiff's passing reference to tangential legal proceedings in South Carolina and his transport to Georgia by an undisclosed officer does not indicate this matter should be considered in the District of South Carolina. Rather, a court in the

Northern District of Georgia where Rabun County, the City of Clayton and its police department are located will be better equipped than this court to obtain jurisdiction over Defendants, obtain the necessary proof and records located there, compel and pay for witnesses, and (if needed) provide a jury with a "view" of the situation creating the litigation. Furthermore, it does not appear that Defendants had the requisite minimum contacts with this state; therefore, there is no basis for this court to exercise personal jurisdiction over the Defendants named in Plaintiff's Complaint.

Section 1631 of Title 28 of the United States Code provides authority for the court to transfer a case to another court when there is want of jurisdiction. Section 1631 provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 USC § 1631.

In short, the Northern District of Georgia is the proper forum in which to adjudicate the claims raised in this Complaint against Defendants, all of whom are located in Georgia. See Poindexter v. D.C. Dept. of Corr., 892 F.Supp.2d 104, 107–08 (D.D.C.2012) (transferring prisoner action to Eastern District of Virginia, where claims arose and where remaining defendants and crucial witnesses were located; prisoner's location in District of Columbia was the only remaining connection with transferor court). As a result, the interests of justice require this court to transfer this case to the United States District Court for the Northern District of Georgia. See Robertson v. Northcutt, No. 87–1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988) (statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). It is in the Northern District of Georgia where the court may exercise personal jurisdiction over the

named Defendants and where the events giving rise to Plaintiff's claims occurred. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. See Goldlawr v. Heiman, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). No rulings on Plaintiff's financial status or on the merits of this case have been made in connection with this recommendation for transfer as such rulings are more appropriately made by the United States District Court for the Northern District of Georgia. See generally 14D Fed. Prac. & Proc. Juris. § 3827 (3d ed.2013).

RECOMMENDATION

Accordingly, it is recommended that this case be transferred in the interests of justice to the United States District Court for the Northern District of Georgia for further handling. See 28 U.S.C. §§ 1631; see also Porter v. Groat, 840 F.2d 255 (4th Cir.1988); Glaxo Inc. v. Genpharm Pharm., Inc., 796 F.Supp. 872, 877 (E.D.N.C.1992).

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 26, 2015
Florence, South Carolina

The plaintiff's attention is directed to the Notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).