IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| George Cleveland, III | ) | Civil Action No.: 6:14-4497-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clayton, GA Police Department; Chief Lindsey Owens, individually and in her official capacity; Asst. Chief Andy Strait, individually and in his official capacity; Captain Tony Taylor, individually and in his official capacity; Officer Tim Brown, individually and in his official capacity; Unknown Name of Jail Transport Officer, | ) ) ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff George Cleveland, III, a state prisoner currently incarcerated at the Evans Correctional Institution in Bennettsville, South Carolina, filed this action *pro se*. Plaintiff's complaint alleges various officials and officers of the Clayton, Georgia police department violated his constitutional rights through false imprisonment, assault, battery, and malicious prosecution stemming from arrest without probable cause. ECF No. 1. United States Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation (R&R)[1] that found that the United States District Court for the District of South Carolina lacked personal jurisdiction over Defendants, and recommended the case be transferred to the United States District Court for the Northern District of Georgia. ECF No. 7. Plaintiff timely filed objections to the R & R. ECF No. 11. For the reasons stated below, the Court finds that the District of South Carolina does not

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

have personal jurisdiction over Defendants, and orders that, in the interests of justice, the case be transferred to the United States District Court for the Northern District of Georgia.

## Background

The facts underlying this case relate to a car theft, and the subsequent investigation of, and arrest for, said theft and related crimes. On or about November 21, 2011, someone stole a 2011 Ford Fusion from the Duvall Ford Chevrolet Dodge dealership in Clayton, Georgia. ECF 11-1 at 10-11. Clayton Police officers Strait and Brown made a report on the theft, and forwarded the case to investigations. *Id.* Plaintiff alleges he came into possession of the stolen car via an online auction, but did not get proper title to the car. ECF No. 1 at 5. Plaintiff then alleges that he panicked, bought a like-kind, wrecked vehicle, and swapped out the Vehicle Identification Number (VIN) on the wrecked vehicle with the one on the vehicle he bought at auction. *Id.* On or about May 7, 2012, Plaintiff sold the stolen car to Carmax of Greenville in Greenville, South Carolina for $7,000. *Id.*; ECF No. 11-1 at 6-7. An investigation by the Greenville and Oconee County, South Carolina Sheriff's Offices, ECF No. 1 at 6, revealed that the car whose VIN was swapped into the stolen car was located on Plaintiff's property. ECF No. 11-1 at 6. Plaintiff was then arrested by the Greenville County Sheriff's Office on or about July 12, 2012, ECF No. 1 at 6, for falsifying a VIN, selling a stolen vehicle, and obtaining property under false pretenses. ECF No. 11-1 at 3-5. Plaintiff alleges that he was then held for nearly two weeks in the Greenville County Detention Center, despite posting bond, because Clayton police had issued arrest warrants for him for two counts of theft by receiving, and had run his information through the FBI's N.C.I.C. database. ECF No. 1 at 7. After two weeks, Plaintiff alleges he was transported by an unknown Rabun County detention officer from Greenville to the Rabun County Detention Center in Georgia, where he was booked, posted bond, and was released. *Id*. Plaintiff alleges that there was no probable cause underlying the Georgia arrest warrants, and as a result, he was subject to

false imprisonment, assault, battery, and malicious prosecution in violation of his constitutional rights by the Clayton police defendants he names. *Id.* at 8-13.

## Standard of Review

A *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge found in his R&R that the District of South Carolina lacked personal jurisdiction over the Defendants, all police officers/a police department in Georgia, and that the South Carolina long-arm statute did not apply to the instant case to extend South Carolina's personal jurisdiction to Defendants. ECF No. 7 at 1-3. Plaintiff objects to the R&R

3

on three grounds. First, Plaintiff argues that, under the South Carolina long-arm statute, South Carolina has personal jurisdiction over Defendants, because Defendants conducted business or supplied services in South Carolina since the investigation that led to Plaintiff's arrest started and ended in South Carolina, and a Georgia police officer picked him up for transport from South Carolina to Georgia. *Id.* Second, plaintiff argues that South Carolina has personal jurisdiction because the bulk of the witnesses and records are in South Carolina. *Id.* at 8. Finally, Plaintiff argues that South Carolina has personal jurisdiction because the events giving rise to his claims occurred in South Carolina. *Id.*

**I.      South Carolina does not have personal jurisdiction over Defendants**

This Court lacks personal jurisdiction over Defendants. Defendants do not meet the requirements of South Carolina's long-arm statute because Defendants lack sufficient connection to South Carolina. Thus, the District of South Carolina cannot extend its personal jurisdiction to reach Defendants.

A.      Personal jurisdiction

    1.      Standard of review

A key requirement in any civil action is that the court in which the complaint is filed have personal jurisdiction over the defendants. *See* Fed. R. Civ. P. 4(e) (providing the rules for serving an individual within a Judicial District, and thereby suggesting that the court must have personal jurisdiction over the defendant for the action to lie). Although personal jurisdiction over an out-of-state defendant may be either general or specific, Plaintiff appears to allege only specific jurisdiction in this case. *See* ECF No. 11 at 7-10. A court may exercise specific jurisdiction when "the out-of-state defendant engage[s] in some activity purposely aimed toward the forum state and . . . the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331–32 (D.S.C.

1999); *see* S.C. Code Ann. § 36–2–803. Minimal, isolated or unsolicited contacts, however, do not give rise to the required purposeful connection between an out of state defendant and the forum state. *Umbro U.S.A., Inc. v. Goner*, 825 F.Supp. 738, 741 (D.S.C. 1993).

A district court may exercise personal jurisdiction "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Supreme Court of South Carolina has interpreted South Carolina's long-arm statute, S.C. Code Ann. § 36–2–803, to extend to the outer limits of Fourteenth Amendment due process. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).

The Due Process Clause is satisfied for personal jurisdiction purposes if a defendant has "'purposefully avail[ed] itself of the privilege of conducting [business] within the forum State,'" *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A Defendant must establish sufficient "minimum contacts," such that maintenance of the suit does not offend traditional notions of "'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe Co. V. Washington,* 326 U.S. 310, 320 (1945)); *see also World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Int'l Shoe Co.*, 326 U.S. at 316. A defendant has sufficient minimum contacts with a state when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

The Fourth Circuit has synthesized the due process requirements for asserting specific personal jurisdiction into a three-part test that considers "'(1) the extent to which the defendant

5

purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). Failure to satisfy any of the three prongs is fatal to a court's ability to exercise specific jurisdiction. *See id.* at 278-79.

  2. <u>This Court does not have personal jurisdiction over Defendants under South Carolina's long-arm statute.</u>

  South Carolina's long-arm statute does not extend to Defendants in this case, all out-of-state police officers/an out-of-state police department. The Court thus lacks personal jurisdiction over Defendants. South Carolina's long-arm statute provides that South Carolina courts have personal jurisdiction over a person who engages in one of several types of actions in South Carolina if the claim arises from the statutorily enumerated actions. S.C. Code Ann. § 36-2-803. The actions that give South Carolina courts jurisdiction include a person directly, or through his agent, "(1)transacting any business in this State; (2) contracting to supply services or things in the State; [or] (3) [committing] a tortious act in whole or in part in this State." *Id.* § 36-2-803(A). Plaintiff argues that, based upon Defendants transacting business in South Carolina, contracting to supply services in South Carolina, or committing a tortious act in South Carolina, this Court has personal jurisdiction over Defendants under South Carolina's long-arm statute. ECF 11 at 7. Specifically, Plaintiff claims that, because the investigation which led to his arrest was conducted entirely in South Carolina, and the officer who transported him to Rabun County, Georgia transported Plaintiff from Greenville, South Carolina, this Court has personal jurisdiction over Defendants under the South Carolina long-arm statute. *Id.* at 7-8.

South Carolina's long-arm statute does not give this Court personal jurisdiction over Defendants in this case. In order for personal jurisdiction to be proper, Defendants must have targeted the forum state, and created substantial connections with the forum state. *See World-Wide Volkswagen Corp.*, 444 U.S. at 292; *Burger King Corp.*, 471 U.S. at 475-76; *Int'l Shoe Co.*, 326 U.S. at 316; *ESAB Group, Inc.,* 34 F. Supp.2d at 331-32. "Minimal, isolated, or unsolicited contacts, however, do not give rise to the required purposeful connection between an out of state defendant and the forum state." *Sonoco Prod. Co. v. ACE INA Ins.*, 877 F. Supp.2d 398, 405 (2012). Here, the Clayton, Georgia police, and the Clayton police department, were not conducting business or providing services in South Carolina. Plaintiff himself argues that his case was fully investigated in South Carolina by South Carolina police officers. ECF 11 at 4-6. In fact, the only Defendant in this case who had any connection to South Carolina is the unknown transport officer, who transported Plaintiff from Greenville, South Carolina to Rabun County, Georgia. The transport officer's connection to South Carolina was minimal and isolated, and does not meet the level required for this Court to exercise personal jurisdiction over him. Plaintiff alleges in his complaint that the basis for his lawsuit was the Clayton, Georgia officers writing up reports and convincing a Georgia Judge to sign two arrest warrants without evidence or probable cause, ECF 1 at 8, and that was the basis for a "detainer hold" on him while in the Greenville jail, ECF 1 at 7. Thus, this Court does not have personal jurisdiction over Defendants under South Carolina's long-arm statute, because Defendants did not have the required level of connection to South Carolina.

    3.    <u>The Court does not have personal jurisdiction over Defendants based on the location of witnesses and records.</u>

Plaintiff argues that this Court has personal jurisdiction over Defendants because most of the witnesses and records in this case are located in South Carolina. ECF 11 at 8. The

location of witnesses and records, however, does not give the Court personal jurisdiction over Defendants. Personal jurisdiction is the power of the Court to bring a Defendant in to the judicial proceeding. *See* Fed. R. Civ. P. 4(e); *Jurisdiction*, Black's Law Dictionary (10th ed. 2014). This power depends on the connections between the defendant and the forum State, not on the location of records or witnesses. Thus, the location of the witnesses and records in South Carolina does not give this Court personal jurisdiction over Defendants. Even if this case is transferred to the United States District Court for the Northern District of Georgia, where Clayton, Georgia is located, that Court will be able to get evidence from the South Carolina police involved in investigating the car theft and other crimes at issue here. *See* Fed. R. Civ. P. 45.

        4.    <u>The Court does not have personal jurisdiction over Defendants based on the location where the events took place.</u>

Plaintiff argues that this Court has personal jurisdiction over Defendants because all the events he alleges took place in South Carolina. ECF 11 at 8-9. While it is true that South Carolina's long-arm statute provides for personal jurisdiction in this state over an out-of state defendant based on events which took place in this state, *see* S.C. Code Ann. §36-2-803(B), that is only part of the requirement for the District of South Carolina to have personal jurisdiction over an out-of-state defendant. In order for personal jurisdiction to be proper in South Carolina under the statute, the defendant or his agent must first have committed a specific type of act in, or have a specific type of connection to, South Carolina. *See id.* § 36-2-803(A). As noted above, Defendants here did not meet the required level of action in, or connection to, South Carolina.

8

**Conclusion**

Defendants are all outside the jurisdiction of the District of South Carolina, and South Carolina's long-arm statute does not extend to give this Court personal jurisdiction over them because their connections to South Carolina did not reach the level necessary for personal jurisdiction to be proper in this State. Based on the foregoing, the Report and Recommendation of the Magistrate Judge **IS ADOPTED.** This case is **TRANSFERRED** from the United States District Court for the District of South Carolina to the United States District Court for the Northern District of Georgia for further proceedings.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell  
                                            R. Bryan Harwell  
                                            United States District Judge

Florence, South Carolina  
July 10, 2015